Legseawd being indebted to Xlumphrevs and Morton, executed to them two notes, one for $>950, and the other for Si050. which they transferred ’ to others iu payment, and became the endorsers. When these notes became due, Legrand obtained from the holders of them further time, and executed new notes with Humphreys and Morton, his endorsers, he paying for flic indulgence at the rate ol ten per cent, per annum. Before (he latter notes become due, Legrand failed, *327 and the holders of Iiis notes refused to indulge him any longer or to renew his notes, and Humphreys and Morton took them up and executed their own notes, paying at the rate of ten per cent, per annum for an indulgence for about a year, ór a little upwards, when they discharged the notes. Legrand afterwards having made sundry payments to Humphreys and Morton, executed his note for the balance, according to a written statement made out in the hand writing of Humphreys. of §298 76, which included the interest of ten per cent, per annum paid by them .on the indulgence they obtained when they took up Legrand’s notes. , This note of Legrand was assigned by Humphreys and Morton to Harvie, who brought suit and recovered judgment thereon at law. To enjoin that judgment Legrand filed his bill, claiming a credit for glOO paid on the note to Humphreys arid Morton, and for the surplus above legal interest, which had been included in the note, leaving a balance of only g72 69* and he made Harvie, and Humphreys and Morton* defendants.
Harvie in his answer, admits none of the material allegations of the bill, and requires proof of them.
Humphreys and Morton in their answer, do not de. ny the payment of glOO, and they expressly admit, that ten per cent, was included in the note on which suit was brought ; but they allege that it was paid by them for Legrand and at his request, and that he promised at rhe time they agreed to pay it to the holders of-Legrand’s notes, that he would repay it to them.
The circuit court decreed the judgment at law tobe perpetually enjoined, except the sum of g72 69 and interest; and to that decree the defendants in that court have prosecuted this writ of error.
The only point of controversy between the parties, relates to the surplus above legal interest, which was paid by Humphreys and Morton for the indulgence they obtained when they took up Legrand’s notes, and which was included in the note on which the judgment at law was recovered.
The reserving or taking of an interest greater than at the rate of six per cent, per annum, upon any contract for the loan or forbearance of money or other thing, is expressly forbidden by the statute ágainst usury, and we cannot doubt that this case comes with *328 in the prohibition of the statute. The undertaking of Legránd, to pay the ten per cent, must have for its consideration, either the forbearance of the debt due from him to Humphreys and Morton, or their procuring for him a delay in the collection of the debts be owed on the notes to others, by their discharging the notes and paying ten per cent thereon. Assuming either to be the consideration, the case, we apprehend, will ,be equally within the statute.
If the former be the true consideration, the case most obviously would be within the very letter of the statute ; and if the latter be taken to be the consideration, though the aspect of the case may be somewhat changed, it will, nevertheless, come within the same principle ; for between an agreement to pay .an usurious interest in consideration of the forbearance of a debt due to the person who makes the forbearance, and an agreement to pay to him such usurious interest, in consideration of his procuring a forbearance of a debt due to others by the person making such agreement, there can be in principle, no difference; and most indisputably, the circumstance in this case, that Humphreys and Morton paid ten per cent, on the indulgence they obtained when they took up Legrand’s notes, cannot alter the case; for their agreement to do so, was itself against the statute and void, and of course cannot purge the promise of Legrand to refund the money of Harvie, in its consideration; Nor have we any difficulty in saying, that the proof is sufficient to establish the usury as against Harvie.
It is true, that the admission of Humphreys and Morton in their answer, cannot be used for that purpose ; not only because the answer of one defendant is not evidence against another, but because their admission was made after Harvie had become the proprietor of the debt, and cannor, therefoie, affect his interest. Hut theXmlten statement of the balance for which the note was'given, shows upon its face, that ten per cent, was included in the note, and that,no doubt, is admissible evidence, against Harvie, as well as against Humphreys and Morton ; for that statement was made out not only before Harvie acquired any in•terest in the debt, but even before the note was executed.
The decree must be affirmed with costs..